# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Matthew Edward Lamp,**
**Plaintiff Below, Plaintiff**

vs) **No. 16-0482** (Wood County 15-P-37-W)

**Karen Pszczolkowski, Warden,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Matthew Edward Lamp, by counsel Robin S. Bonovitch, appeals the Circuit Court of Wood County's April 15, 2016, order denying his amended petition for writ of habeas corpus. Respondent, Warden Karen Pszczolkowski, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in denying habeas relief because (1) his trial counsel was constitutionally ineffective; (2) his guilty plea was involuntary; (3) his prison sentence was excessive, disproportionate to his crime, and severe in nature; and (4) his confession was coerced.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, petitioner was indicted on two felony counts: (1) murder of a child by a guardian or custodian, in violation of West Virginia Code § 61-8D-2, and (2) death of a child by a guardian or custodian, in violation of West Virginia Code § 61-8D-2a.[2]

---

[1]Petitioner initially named David Ballard, Warden of Mt. Olive Correctional Center, as the respondent in this habeas proceeding because petitioner was then incarcerated at that facility. Due to petitioner's relocation to the Northern Correctional Center, we substitute the name of Karen Pszczolkowski, Warden of Northern Correctional Center, for that of Mr. Ballard, pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2]As to the second count, Respondent Warden incorrectly cites to West Virginia Code § 61-8D-2(a), a separate and distinct statute from West Virginia Code § 61-8D-2a. Further, we note that West Virginia Code § 61-8D-2a was amended during the 2017 Regular Session of the West Virginia Legislature. The amendment increased the penalty for that crime. The amended

(continued . . . )

1

In October of 2013, the circuit court held a plea hearing. At that hearing, petitioner pled guilty to one count of death of a child by a guardian or custodian, and, in exchange for that guilty plea, the State agreed to the dismissal of the second count in the indictment and to recommend a non-binding term of thirty years in prison. The circuit court and petitioner engaged in a plea colloquy. During that colloquy, petitioner agreed that the decision to enter into the plea agreement was made "entirely of [his] own free will." Petitioner further stated his understanding that he could "get forty years in prison[.]" When asked whether he understood that by pleading guilty he waived his right to challenge all pre-trial defects and alleged errors, he answered "[y]es, sir." In laying the factual basis for his guilty plea, petitioner explained that he struck a then three-year-old child (one of his girlfriend's children) in the face, knocking the child into a counter. The child ultimately died from his injuries. At the conclusion of the hearing, the circuit court accepted petitioner's guilty plea and scheduled the matter for sentencing.

In January of 2014, the circuit court held a sentencing hearing. Following a statement from the child victim's mother and arguments of counsel, the circuit court sentenced petitioner to forty years in prison. A "motion for reconsideration" was filed and denied. No appeal was filed.

More than one year after his sentence was imposed, petitioner, pro se, initiated the instant habeas proceeding with the filing of a petition for writ of habeas corpus. Following the appointment of new counsel, an amended habeas petition was filed in September of 2015 raising nineteen grounds for relief. Among his many grounds, petitioner argued that (1) his trial counsel was ineffective for failing to pursue a direct appeal; (2) his plea was involuntary; (3) his sentence was constitutionally excessive; and (4) his confession was coerced.

In February of 2016, the circuit court held an omnibus evidentiary hearing. At that hearing, petitioner testified that his trial counsel failed to appeal his case; failed to subpoena witnesses to the sentencing hearing; and failed to act on the request for co-counsel.[3] At the omnibus hearing, petitioner's trial counsel also testified and denied petitioner's claims. Trial counsel stated that he was never asked to file an appeal in this matter, and if petitioner had expressed a wish to file an appeal, trial counsel explained that he "would have certainly listened to what [petitioner] would like to have done." Trial counsel further testified that petitioner did not ask him to present any witnesses at the sentencing hearing. Although he acknowledged that petitioner had asked him on one occasion whether co-counsel should be appointed, trial counsel testified that he explained the case to petitioner and "[petitioner] acted like he understood what [I] was talking about and then we moved off that subject. He didn't bring it back up." At the conclusion of the hearing, the circuit court denied each of petitioner's claims. By order entered

_____

version will become effective in July of 2017. In this memorandum decision, we apply the statute as it existed at the time of petitioner's criminal acts and throughout the entirety of the proceedings below.

[3]It is unclear from the record on appeal what witnesses petitioner wished to have testify at the sentencing hearing or to what they would have testified.

on April 15, 2016, the circuit court denied petitioner's amended habeas petition. This appeal followed.

We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner first argues that the circuit court erred in denying habeas relief because trial counsel was constitutionally ineffective. Petitioner claims that trial counsel failed to file an appeal on his behalf; failed to subpoena witnesses to the sentencing hearing; and failed to act on petitioner's request to have co-counsel appointed. We have held that claims of ineffective assistance of counsel are "governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

In this case, notably, petitioner pled guilty with no condition reserving an issue for appeal. We have explained that a "defendant waives significant constitutional rights by entering into a plea agreement[.]" *State ex rel. Forbes v. Kaufman*, 185 W.Va. 72, 77, 404 S.E.2d 763, 768 (1991). Further,

> When a defendant unconditionally and voluntarily pleads guilty to an offense, the defendant generally waives nonjurisdictional objections to a circuit court's rulings, and therefore cannot appeal those questions to a higher court. Claims of nonjurisdictional defects in the proceedings, such as unlawfully or unconstitutionally obtained evidence or illegal detention, generally will not survive a plea bargain.

*State v. Legg*, 207 W.Va. 686, 690 n. 7, 536 S.E.2d 110, 114 n. 7 (2000) (relying, in part, on Justice Cleckley's concurrence in *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995)).

At the omnibus evidentiary hearing, trial counsel and petitioner gave conflicting testimony about whether petitioner requested a direct appeal. Trial counsel denied that petitioner made such a request. Having heard all the testimony, the circuit court found trial counsel's testimony more credible than petitioner's that no appeal was requested. We have held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Based on the waivers adherent to petitioner's guilty plea and trial counsel's

testimony that no appeal was requested, we agree with the circuit court that trial counsel was not constitutionally ineffective for failing to file an appeal in this case.[4]

Petitioner further claims that he requested that trial counsel subpoena certain witnesses to the sentencing hearing, but no witnesses were subpoenaed to or testified at that hearing. Trial counsel denied that petitioner made such a request. The circuit court resolved this issue in favor of trial counsel's testimony. As noted above, we defer to the circuit court on issues regarding witness credibility. Moreover, petitioner fails to indicate what witnesses could have testified at the sentencing hearing and how their testimony would have resulted in the reasonably probability of a different outcome in this case. As such, we find no merit to this argument.

As to petitioner's claim that trial counsel provided ineffective assistance of counsel for failing to act on petitioner's request for co-counsel, petitioner failed to prove below that there was reasonable probability that, but for trail counsel's alleged failure, the result of the proceedings would have been different. Based on our review, we find no error in the circuit court's denial of habeas relief on the claims of ineffective assistance of counsel.

Next, petitioner argues that the circuit court erred in finding that his guilty plea was voluntarily entered. Petitioner claims that he felt pressured to plead guilty by trial counsel. Based on his claim that he felt pressured to plead guilty, petitioner concludes that his plea was entered involuntarily, and, thus, habeas relief is warranted. We disagree. We have recognized that "[a] guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979). In *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), this Court outlined the procedures for circuit courts to follow to ensure that guilty pleas are entered knowingly, voluntarily, and intelligently. *See* W.Va. R. Crim. P. 11 (providing responsibilities for circuit court for purpose of ensuring plea is properly entered). It is clear from the record on appeal that the requirements of both *Call* and Rule 11 were satisfied at petitioner's plea hearing, and the record is adequate to show that the plea was entered voluntarily. Based on his statements at the plea hearing, petitioner understood the terms and consequences of his plea, and he specifically stated that he entered the plea "entirely of [his] own free will." Having reviewed this issue thoroughly, we find no error in the circuit court's denial of habeas relief on this ground.

Petitioner's third assignment of error is that he was entitled to habeas relief because his prison sentence was excessive, disproportionate to his crime, and severe in nature. We have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). To the extent this Court will review a sentence as constitutionally disproportionate outside of the mandates of *Goodnight*, we have explained that "[w]hile our

---

[4]It does not appear from the record on appeal that petitioner has moved to be resentenced for the purpose of pursuing an appeal.

constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981). West Virginia Code § 61-8D-2a provides that any person convicted of death of a child by a guardian or custodian "shall be punished by a definite term of imprisonment in the penitentiary which is not less than ten nor more than forty years." Petitioner was informed at his plea hearing that he could be sentenced to a maximum of forty years in prison, and he was sentenced to forty years in prison. Therefore, without question, petitioner's sentence to forty years in prison was within the applicable statutory limit, which had a fixed maximum sentence set by statute, and was not a life recidivist sentence. As such, we find no error in the circuit court's order denying habeas relief on the claim of an excessive or disproportional sentence.

Finally, petitioner argues that the circuit court erred in denying his amended habeas petition when his confession was illegally coerced. As noted above in *Forbes* and *Legg*, when a criminal defendant unconditionally pleads guilty, he waives certain nonjurisdictional challenges. This Court has specifically explained that "by entering a plea of guilty [a defendant] waives all pre-trial defects with regard to his arrest, the gathering of evidence, prior confessions, etc., and further, that if he enters a plea of guilty he waives all non-jurisdictional defects in the criminal proceeding." *Call*, 159 W.Va. at 198, 220 S.E.2d at 671. Given petitioner's clear knowledge from the plea hearing that he waived his right to challenge all pre-trial defects and alleged errors and our prior holdings, we find no merit to petitioner's claim that the circuit court erroneously denied his habeas petition due to the illegality of his underlying confession.

For the foregoing reasons, the circuit court's April 15, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker